IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LIZZIE HOWARD,

    Plaintiff,

v.  No. 06-2352 B

NATIONWIDE PROPERTY AND CASUALTY
COMPANY,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE
_____

Before the Court is the motion of the Defendant, Nationwide Property and Casualty Co. ("Nationwide"), to dismiss this matter for failure to prosecute or, alternatively, to strike the response of the Plaintiff, Lizzie Howard, to its motion for summary judgment. The Defendant's dispositive motion was filed on May 10, 2007. When the thirty-day period allotted for a response to the motion under the Local Rules of this district lapsed with no filing on behalf of the Plaintiff, this Court entered an order directing Howard to show cause within eleven days why the case should not be dismissed for failure to prosecute. The Plaintiff filed responses to the show cause order and to the motion for summary judgment on July 2, 2007. In her response to the show cause order, Howard's counsel stated that he "currently has a large volume of cases in the U.S. District Court and consequently receives many electronic filing notices each day[; he] simply failed to calendar the Motion and response date and failed to respond to the motion within the time allowed by the Rules of Civil Procedure[; and that he] did not realize his mistake until he received the Court's Show Cause Order." (Resp. to Order to Show Cause at 1)

> Rule 6(b) of the Federal Rules of Civil Procedure provides that
>
> [w]hen by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . ., or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .

Fed. R. Civ. P. 6(b). According to the docket, the Plaintiff made no request for an enlargement of time to respond to the motion for summary judgment prior to the date on which it was due. Nor did he do so in his response to the show cause order. The Court may accept a filing after the relevant deadline has passed "where the failure to file before the deadline was the result of excusable neglect." Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006). The term "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept'" and the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 395, 6-97, 113 S. Ct. 1489, 1496, 1498, 123 L. Ed. 2d 74 (1993) (internal footnote omitted).

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

Nafziger, 467 F.3d at 522. The burden of showing that a failure to act was the result of excusable neglect is to be borne by Howard. See D.B. v. Lafon, No. 3:06-CV-75, 2007 WL 896135, at *2 (E.D. Tenn. Mar. 22, 2007).

In this case, the Plaintiff has utterly failed to put forth any argument in support of a finding of excusable neglect. In reviewing the pleadings, the Court concludes that only the first factor can

arguably be said to favor the Plaintiff and, in fact, the Defendant has not contended that it has been prejudiced. The length of the delay--some three weeks--had a significant impact on the judicial proceedings in this case, as trial is set for late August 2007. Moreover, the delay was entirely within the control of the Plaintiff and the reason therefor not one to which the Court is inclined to turn a blind eye. See Morgan v. Gandalf, Ltd., 165 F.App'x 425, 429 (6th Cir. 2006) (noting the reason for delay factor "has the greatest import and is always critical to the inquiry") (citing Graphic Comm. Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001)). Indeed, it has been held that the "failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect." See B & D Partners v. Pastis, No. 05-5954, 2006 WL 1307480, at *2 (6th Cir. May 9, 2006) (quoting Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984)). In addition, the excuses proffered by Plaintiff's counsel have been found wanting in other cases. See McCollough v. Johnson, No. 7:05-CV-058-R, 2006 WL 2987714, at *1 (N.D. Tex. 2006) (counsel's forgetfulness does not constitute excusable neglect); Wilkerson v. Jones, 211 F. Supp. 2d 856, 859 (E.D. Mich. 2002) ("A lawyer's busy workload is entitled to very little weight under Rule [6(b)]").

Based on the foregoing, the Court finds it appropriate that the Plaintiff's response to the motion for summary judgment be STRICKEN and the Defendant's motion is GRANTED to that extent. While it may seem a harsh sanction with respect to Howard, as the Sixth Circuit recognized in Nafziger, "clients must be held accountable for the acts and omissions of their chosen counsel." Nafziger, 467 F.3d at 524 (quoting Pioneer Inv. Servs. Co., 507 U.S. at 396-97, 113 S. Ct. 1489) (internal quotation marks omitted).

IT IS SO ORDERED this 13th day of July, 2007.

                                        s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE